IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

                Plaintiff,

v.

MONROE COUNTY JUSTICE DEPARTMENT and
AGENTS JANE DOE, JOHN DOE 1, JOHN DOE 2,
and JOHN DOE 3,

                Defendants.

OPINION and ORDER

20-cv-255-jdp

---

Pro se plaintiff Michael B. Kingsley says that defendants, employees of the Monroe County Justice Department, violated his constitutional rights when they strip searched him prior to collecting urine samples as a bond condition. Because Kingsley is proceeding in forma pauperis, Dkt. 6, and because he is a prisoner suing government officials, I must screen his proposed complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who cannot be sued for money damages by law. 28 U.S.C. §§ 1915 and 1915A. Kingsley is representing himself, so I will hold his complaint "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

As a preliminary matter, I will address Kingsley's motion to amend his complaint, Dkt. 8. Kingsley asks to substitute Monroe County as a defendant for Monroe County Justice Department and he says that he has identified one of the John Doe defendants as Eric Weine. He asks to bring claims against Monroe County in its official capacity and against Weine in his individual and official capacities. Dkt. 9, at 2–3. Kingsley's complaint has not yet been

served on defendants, so he may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1)(A). I will grant Kingsley's motion and add these defendants and claims to his complaint.

I conclude that Kingsley has not stated a claim against any of the defendants. The searches described in his complaint were conducted for a valid purpose: to ensure that he was providing his own urine samples. Nothing in Kingsley's description of the searches suggests that defendants searched him in a way that would violate his reasonable expectation of privacy, so he hasn't stated a claim that his constitutional rights were violated. Accordingly, I will dismiss his complaint in its entirety.

ALLEGATIONS OF FACT

I draw the following facts from the allegations in Kingsley's complaint, Dkt. 1, and I accept them as true for the purposes of screening his complaint.

Between April and September 2017, Kingsley says that he was released on bond on a criminal matter. Kingsley was required to report periodically to the Monroe County Justice Department for urine collection and testing. He says that this was a condition of his bond, but I take notice of the fact that the Wisconsin Department of Corrections' inmate locator page shows that Kingsley was released from prison on extended supervision in April 2017.[1] So I infer that the urine collection was a requirement imposed as a condition of Kingsley's extended supervision rather than as a condition of pretrial release.

Before collecting Kingsley's urine samples, the Doe defendants and Weine would strip search him. They ordered him to pull his pants down below his knees, lift his shirt and his

---

[1] *See* https://appsdoc.wi.gov/lop/.

scrotum, and turn around in a circle. One of the Doe defendants called this "do[ing] the hokey-pokey." Most of these strip searches took place in unclean conditions that smelled strongly of urine and body odor. Kingsley says that these searches were harassing, humiliating, and embarrassing.

The Doe defendants and Weine also did not stop other Monroe County Justice Department agents when they saw Kingsley being searched in this way.

## ANALYSIS

Kingsley says that defendants' conduct violated his constitutional rights. He seeks compensatory and punitive damages and a declaratory judgment that his rights were violated. He does not specify which constitutional rights he believes were violated, but he is not required to do so; his complaint must only contain allegations that, if true, would entitle him to relief. Fed. R. Civ. P. 8(a)(2); *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014).

Kingsley was on extended supervision when he was strip searched, so his claims regarding those searches are brought under the Fourth Amendment, which bars unreasonable searches. *See United States v. Knights*, 534 U.S. 112 (2001) (applying Fourth Amendment to warrantless search of probationer). To determine whether a search is reasonable, courts weigh "the degree to which it intrudes upon an individual's privacy" against "the degree to which it is needed for the promotion of legitimate governmental interests." *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999). But "it is always true of probationers . . . that they do not enjoy the absolute liberty to which every citizen is entitled, but only conditional liberty properly dependent on observance of special probation restrictions." *Griffin v. Wisconsin*, 483 U.S. 868,

874 (1987) (internal quotation marks and alterations omitted). "Any search conducted pursuant to [a] search condition of probation must . . . be carried out in a reasonable manner and only in furtherance of the purposes of probation." *Owens v. Kelley*, 681 F.2d 1362, 1368–69 (11th Cir. 1982). The search may not be performed in an intimidating and harassing manner to carry out purposes that are unrelated to the probationer's conviction or rehabilitation. *Id* at 1369.

The strip searches that Kingsley describes were performed to promote a legitimate governmental interest—ensuring that Kingsley did not substitute another urine sample for his own. *See, e.g.*, *BNSF Ry. Co. v. U.S. Dep't of Transp.*, 566 F.3d 200, 205 (D.C. Cir. 2009) ("Given the proliferation of cheating devices [that provide false urine samples], we have little difficulty concluding that direct observation [of government employees providing urine samples] furthers the government's interest in effective drug testing."). Kingsley says that defendants searched him "in a harassing, humiliating, and embarrassing manner." Dkt. 1, at 2. But he provides only two details beyond his description of the routine mechanics of the searches. First, he says that on one occasion, a defendant described Kingsley's turning in a circle during the search as doing the "hokey-pokey." Nothing about Kingsley's description of this comment suggests that it was anything other than a simple jest. Even if in poor taste, an offhanded comment such as this does not rise to the level of a constitutional violation. *See Lawson v. Dauphin Cty. Work Release*, No. 1:15-cv-02450, 2016 WL 6090758, at *7 (M.D. Pa. Sept. 15, 2016) (even "allegations that a probation officer verbally harassed a probationer . . . are insufficient to state a claim for relief under [42 U.S.C.] § 1983"). Second, he says that the room in which he was searched was unclean and smelled of body odor and urine. A search may be conducted in conditions so unpleasant that it violates the Fourth Amendment. But that a room in which urine samples are

4

collected smells of urine and body odor is unsurprising, and it is not unpleasant enough to violate the Fourth Amendment.

Nothing in Kingsley's complaint other than his conclusory allegations that the searches were harassing, humiliating, and embarrassing suggests that these searches were conducted in a harassing manner or that they were more humiliating or embarrassing than any strip search would be. And "mere conclusory statements" alone are not enough to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So Kingsley has failed to state a claim under the Fourth Amendment regarding the strip searches.

Kingsley also says that these defendants failed to intervene when they saw him being searched on other occasions. A government official can violate a person's constitutional right if (1) the official had reason to know that the person's rights were being violated; and (2) the officer could realistically have intervened to stop the person's rights from being violated. *Chavez v. Ill. State. Police*, 251 F.3d 612, 652 (7th Cir. 2001). But Kingsley's complaint does not describe any violation of his constitutional rights in which any defendant could have intervened, so he has not stated a failure-to-intervene claim.

Kingsley also seeks to bring claims against Monroe County based on these strip searches. A county may be held responsible for its employees' violations of a plaintiff's constitutional rights in certain conditions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). But no county employee violated Kingsley's constitutional rights, so he cannot bring such a claim against the county.

In sum, the searches that Kingsley described did not violate the Fourth Amendment. Without any underlying constitutional violation, Kingsley's other claims necessarily fail. So I

will dismiss this case for Kingsley's failure to state a claim upon which relief may be granted, and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Michael B. Kingsley's failure to state a claim upon which relief can be granted.

2. In accordance with 28 U.S.C. § 1915(g), Kingsley is assessed a strike because the action was dismissed for failure to state a claim.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered July 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge