IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGLSEY,

                          Plaintiff,

   v.                                                          OPINION and ORDER

MONROE COUNTY, ERIC WEINE,                                      20-cv-255-jdp
AGENT JANE DOE, JOHN DOE 1,
and JOHN DOE 2,

                          Defendants.

---

Pro se plaintiff Michael B. Kingsley contends that employees of the Monroe County Justice Department violated his constitutional rights when they strip searched him before collecting the urine samples required under his bond conditions. After screening Kingsley's amended complaint under 28 U.S.C. §§ 1915 and 1915A, I concluded that he had failed to state a claim upon which relief could be granted, and I dismissed his complaint, assessing him a "strike" under 28 U.S.C. § 1915(g). Dkt. 10.

Kingsley asks me to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), Dkt. 13, and he requests leave to file a second amended complaint, Dkt. 12. I will grant his motion for leave to file a second amended complaint, but I will not rule on his motion to alter or amend the judgment until I have screened his amended complaint. He also asks me to amend my findings of fact under Rule 52(b). Dkt. 16. Because I didn't actually find any facts and I am allowing Kingsley to file an amended complaint, this motion is unnecessary, so I will deny it.

ANALYSIS

The allegations in Kingsley's complaint concern strip searches performed in the Monroe County Justice Department between April and September 2017 while Kingsley was released on conditions. Defendants performed the strip searches before collecting urine samples from Kingsley as one of the conditions. In my screening order, Dkt. 10, I concluded that the details Kingsley provided—that a defendant described the search as the "hokey-pokey" and that the searches took place in an unclean room that smelled of body odor and urine—did not rise to the level of a constitutional violation. And I concluded that Kingsley's allegations that the searches were harassing, humiliating, and embarrassing were too conclusory to state a claim.

Kingsley asks me to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). I apply the standard of Rule 15(a)(2) applicable to motions to amend a pleading. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). Under that standard, I should freely give Kingsley leave to amend his complaint "if justice so requires." Fed. R. Civ. P. 15(a)(2).

Kingsley contends that I erred by inferring that defendants were collecting his urine samples as a condition of his extended supervision, not as a condition of his pretrial release. He explains in a declaration that although he was subject to conditions of extended supervision at the time, the urine collection was imposed as a condition of pretrial release in a separate criminal matter. Dkt. 14. Because a person on pretrial release has a greater reasonable expectation of privacy under the Fourth Amendment than does a probationer, *see Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987), Kingsley asks me to reconsider my conclusion that the strip searches were constitutional. But the standard is not significantly different: regardless of whether Kingsley was required to provide urine samples as a condition of pretrial release or of

2

probation, the Fourth Amendment requires me to weigh the degree to which the method of the searches intruded on Kingsley's privacy against the degree to which the searches were needed to serve legitimate governmental interests, *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999). As I explained in my previous order, the searches that Kingsley describes were conducted to serve a legitimate governmental interest—ensuring that Kingsley did not substitute another urine sample for his own. Nothing in his complaint suggested that the searches performed by defendants went beyond what was required to serve the governmental interest at issue. *See BNSF Railway Co. v. United States Department of Transportation*, 566 F.3d 200 (D.C. Cir. 2009) (upholding virtually identical searches performed prior to urine collection from railway employees). So even though Kingsley has identified a factual error, it didn't meaningfully affect my analysis, so that error doesn't warrant relief.

But Kingsley also says that he included only a few allegations about the searches in his complaint because he believed that was sufficient to satisfy Rule 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." He says that if he had known that more factual allegations were required, he could have cured the defects in his initial complaint by providing more details about the searches.

Kingsley hasn't submitted a proposed amended complaint, nor does he explain what allegations he would include, so he hasn't shown that I should alter or amend the judgment. Even though Kingsley is an experienced pro se litigator, I must still hold his filings to a less demanding standard than those drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). So I will give Kingsley a short time to file an amended complaint to provide more

details about the searches. Kingsley should review my prior screening order, which explains the problems with his previous complaint.

I will rule on his motion to alter or amend the judgment once I receive his amended complaint. If I conclude after screening his amended complaint that Kingsley has stated a claim on which relief may be granted, I will vacate the order and judgment dismissing this case. If Kingsley does not file an amended complaint by the deadline set below, or I conclude that he still does not state a claim for relief, my prior order dismissing this case will stand.

ORDER

IT IS ORDERED that:

1.  Plaintiff Michael B. Kingsley's motion for leave to submit an amended complaint, Dkt. 12, is GRANTED. The court reserves a ruling on his motion to alter or amend the judgment, Dkt. 13.

2.  Kingsley may have until December 10, 2020, to submit an amended complaint.

3.  Kingsley's motion under Rule 52(b), Dkt. 16, is DENIED.

Entered November 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge