IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL B. KINGSLEY,

                Plaintiff,

  v.                                                OPINION and ORDER

MONROE COUNTY, ERIC WEIHE,
AGENT JANE DOE, JOHN DOE 1,                     20-cv-255-jdp
and JOHN DOE 2,

                Defendants.

---

Pro se plaintiff Michael B. Kingsley says that employees of the Monroe County Justice Department violated his constitutional rights when they collected his urine samples for drug testing as a condition of his bond. I dismissed his first amended complaint for failure to state a claim on which relief could be granted, pursuant to 28 U.S.C. §§ 1915 and 1915A, and directed the clerk of court to close the case and enter judgment against Kingsley. Dkt. 10. Kingsley asked for leave to file a second amended complaint, which I granted. Dkt. 19. In that order, I reserved a ruling on Kingsley's request that I alter or amend the judgment under Federal Rule of Civil Procedure 59(e), Dkt. 13, until Kingsley filed his second amended complaint. Kingsley has also filed a brief in support of his second amended complaint, Dkt. 21, which I have considered. Because Kingsley's second amended complaint fails to state a claim on which relief may be granted, I will deny his request to alter or amend the judgment. This case will remain closed and Kingsley's "strike" under 28 U.S.C. § 1915(g) will remain in place.

ALLEGATIONS OF FACT

The following facts are drawn from Kingsley's second amended complaint, Dkt. 20, except as noted. They are taken as true for the purpose of his motion to alter or amend the judgment.

Kingsley posted cash bond on April 11, 2017, in a Monroe County criminal case. I take notice of the fact that Kingsley was charged with several offenses in Monroe County case number 16CF512 and that the docket for that case shows that he posted cash bond on April 11, 2017.[1] I conclude that this case is the one that Kingsley describes in his complaint. Before signing his bond, Kingsley wrote that he objected to his monitoring conditions, adding, "without waiving objection all rights reserved." Dkt. 20, ¶ 13.

Kingsley reported to the Monroe County Justice Department, where defendant John Doe 1 told Kingsley about the rules and requirements of the county's bond monitoring program. He said that Kingsley would have to wear a "cell-site-simulator GPS/TAD alcohol ankle bracelet." *Id.*, ¶ 14. He required Kingsley "to sign rules to waive all his 4th Amendment rights." *Id.*, ¶ 15. He told Kingsley to call the Justice Department each day to see if he had to report on that day, and he said that defendants Eric Weihe and Jane Doe were responsible for deciding who had to report and how often. He told Kingsley that before leaving, he would have to give a urine sample and he would need to be strip searched. He said that if Kingsley refused any of these conditions, it would be used as evidence against him and he would be charged with felony bail jumping. Kingsley objected to these conditions, but he gave a urine sample and submitted to a strip search because he was afraid of being convicted of bail jumping.

---

[1] *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html.

Kingsley contacted Weihe the next day to complain that his constitutional rights were being violated, and he again objected to being required to provide a urine sample. Weihe told him that less intrusive drug testing methods using saliva swabs and hair follicles were available, but he said that the county used urine testing because it was less expensive. He told Kingsley that he would be required to report for testing once or twice every seven to 10 days. He gave Kingsley a complaint form to fill out, but Kingsley declined to do so because the form said that he would be waiving his legal rights by giving the statement.

Kingsley reported to the Justice Department for urine testing and strip searches between April and September 2017. He did so because he was afraid of facing criminal sanctions. The searches "caused him psychological pain and were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, [and] repulsive." *Id.*, ¶ 33.

In June, Kingsley suffered a relapse and failed a urine test. Weihe said that if Kingsley did not arrange for an alcohol and other drug abuse (AODA) assessment, Weihe would turn over his positive test result as evidence that he had violated his bond conditions. Weihe said that the Justice Department would conduct an AODA assessment for $200. He also told Kingsley that he could find someone outside of the Justice Department to conduct the assessment, but he wouldn't find a fee lower than $200. Kingsley said that he couldn't afford to pay the fee because he was indigent, and Weihe responded that he could have a week to make his decision.

The Justice Department intercepted cell-phone data of Kingsley's "significant other" and his house guests through his ankle bracelet. Defendants then called these people's cell phones asking to speak to Kingsley. During this time, Kingsley told defendants that he had

arranged to conduct an outside AODA assessment, although he doesn't say whether he actually underwent the assessment.

ANALYSIS

Kingsley contends that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by requiring him to submit to their drug testing program. Dkt. 20, at 8. He argues that the drug testing program was "excessive" and punitive because it was designed to generate evidence for law enforcement purposes rather than to assure his appearance in court. Dkt. 20, at 8–9. Because the court had already found probable cause and bound Kingsley over for trial, *see State v. Kingsley*, No. 16CF512 (Monroe Cty. Cir. Ct. Nov. 4, 2016), his claims are governed by the Fourteenth Amendment, not the Fourth or Fifth. *Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020).[2] The question under the Fourteenth Amendment is whether defendants' actions were objectively unreasonable. *Cf. Miranda v. County of Lake*, 900 F.3d 335, 350–52 (7th Cir. 2018) (suggesting that objective unreasonableness standard from *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), should apply to all Fourteenth Amendment claims of pretrial detainees).

After Kingsley's failed urine test, his court records show that he was convicted of bail jumping in two cases in the Monroe County Circuit Court, 17CF761 and 17CF763. It's unclear from his court records whether either conviction was based on the urine tests he challenges in

---

[2] The court of appeals noted in *Pulera* that this circuit's "distinction between pre- and post-hearing detention may need to be revisited" after the Supreme Court rejected that distinction in the malicious-prosecution context in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). *Pulera*, 966 F.3d at 549 n.1. But the court of appeals hasn't yet addressed the question, so I must follow circuit precedent by applying the Fourteenth Amendment to Kingsley's claims. But even if Kingsley's claims were governed by the Fourth Amendment, it wouldn't change the outcome.

this lawsuit. If so, his claims would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits federal courts from awarding damages under 42 U.S.C. § 1983 if doing so would call the lawfulness of an otherwise valid state-court conviction into question. But I don't need to determine whether *Heck* bars Kingsley's claims because even if it doesn't, he has failed to state a claim.

Kingsley's bond conditions prohibited him from possessing or consuming alcohol and from having any controlled substances without a prescription, and they required him to submit to the Justice Department's bond monitoring program. *See Kingsley*, No. 16CF512 (Oct. 18, 2016). As with Kingsley's previous complaint, nothing that he describes in his second amended complaint suggests that defendants went beyond what was reasonably necessary to collect and test urine samples on a regular basis to ensure that he was complying with his bond conditions, including the strip searches he describes. *See* Dkt. 10, at 4. Less intrusive drug-testing measures may have been available, but the Fourteenth Amendment didn't require defendants to use the least intrusive means possible, only means that weren't objectively unreasonable. After Kingsley failed a urine test, it wasn't unreasonable for Weihe to offer Kingsley the chance to undergo an AODA assessment instead of immediately facing the consequences of violating his bond conditions. As for the ankle bracelet's interception of the cell-phone data of Kingsley's guests, he says only that defendants used that data to call his guests and ask to speak to Kingsley. He doesn't allege that they disclosed the reason for their calls or exposed any embarrassing information. And Kingsley's conclusory allegation that the strip searches were degrading and humiliating is not enough, standing alone, to state a claim on which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his brief, Kingsley relies on Wis. Stat. § 969.01(1), which provides that circuit courts may impose "reasonable [bond] conditions designed to assure [the defendant's] appearance at court." But he omits the statute's next phrase, which allows reasonable bond conditions designed to "protect members of the community from serious bodily harm." The testing requirement could easily have fallen under either category, depending on the circumstances of the charges against Kingsley. But even if the bond conditions, as implemented by defendants, went beyond what § 969.01(1) allows, violation of a state statute "is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). The question remains whether defendants' actions were objectively unreasonable, and Kingsley's allegations don't support the conclusion that they were.

Kingsley also relies on *Ferguson v. City of Charleston*, 532 U.S. 67 (2001), which held that state hospital officials violated the Fourth Amendment by performing warrantless urine tests of pregnant patients whom they suspected of cocaine use, then turning the test results over to law enforcement. But the searches in *Ferguson* violated the Fourth Amendment because they were "nonconsensual, warrantless, and suspicionless." *Id.* at 86. Defendants conducted their searches of Kingsley under a court order, so *Ferguson* simply isn't on point.

Finally, Kingsley says that because defendants required him to waive his Fourth Amendment rights to participate in the program, that is evidence that defendants knew that they were violating his constitutional rights. But even if defendants did require Kingsley to sign such a waiver, it says nothing about what they actually *did* to Kingsley. Nothing in any of Kingsley's complaints suggests that defendants violated his rights, so requiring him to sign a waiver, standing alone, isn't evidence that his rights were violated.

Kingsley hasn't identified any error in my judgment, and his second amended complaint doesn't warrant a different result, so the judgment will stand.

ORDER

IT IS ORDERED that plaintiff Michael B. Kingsley's motion to alter or amend the judgment, Dkt. 13, is DENIED.

Entered March 16, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge